NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA L. INGRAM, | No. 24-7242 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-05125-MLP |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted February 6, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge DESAI.

Sandra Ingram appeals the district court's order affirming the administrative

law judge's ("ALJ") denial of her application for disability insurance benefits under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Social Security Act ("Act"). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm.

We review de novo the district court's order affirming the denial of benefits. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023). We "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Id.* (citation modified).

## 1. Medical Opinion Evidence

Ingram argues the ALJ erred by discounting the medical opinion of Advanced Registered Nurse Practitioner Kellye Campbell. Under the applicable regulations, ALJs must consider supportability and consistency factors in rejecting a medical opinion. *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a)–(b)(2). We find no error in the ALJ's treatment of the record here.

The ALJ cited substantial evidence, including Campbell's notes and Ingram's reported daily activities, to support its decision to discount Campbell's opinion. Further, the ALJ did not err by questioning whether Campbell had a treating relationship with Ingram. Campbell provided occasional counseling services, but the records show that Campbell otherwise monitored and managed Ingram's medication while Licensed Independent Clinical Social Worker ("LICSW") Jake Kim provided most of the counseling services. The ALJ's decision to discount Campbell's opinion is therefore supported by substantial evidence. *See* 20 C.F.R. § 404.1520c(a).

The ALJ's evaluation of the opinions of LICSW Jake Kim and Dr. Richard Borton are also supported by substantial evidence.

As a social worker, Kim is not an "acceptable medical source" under the Act, *see* 20 C.F.R. § 404.1502(a), and therefore the ALJ may discount his opinion by providing "reasons germane" to the opinion. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). To the extent that the ALJ partially discounted Kim's opinion, the ALJ provided germane reasons by noting the opinion's inconsistency with Ingram's impairments and symptoms. Substantial evidence thus supports the ALJ's decision regarding Kim's opinion.

Ingram also argues that the ALJ "improperly rejected" the medical findings of Dr. Borton when assessing Ingram's Residual Functional Capacity ("RFC"). Not so. Because the ALJ's RFC limitations reasonably reflect Dr. Borton's assessment, the ALJ did not err. *See Kitchen*, 82 F.4th at 740 (finding that an ALJ did not err where the claimant's RFC limitations were consistent with the medical provider's assessments).

## 2. Lay Witness Evidence

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). To discount lay witness testimony, the ALJ must give reasons germane to each witness. *Leon v. Berryhill*, 880 F.3d

1041, 1046 (9th Cir. 2017). Here, the ALJ failed to give germane reasons to reject the lay witness statements of social worker Emily Lashlee and Ingram's friend Jamie Lucas. However, this error is harmless because when the ALJ "has provided well-supported grounds for rejecting testimony regarding specified limitations," we will not reverse the agency on the sole ground that "the ALJ did not expressly discredit each witness who described the same limitations." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).

### 3. Subjective Symptoms Testimony

Ingram next argues that the ALJ failed to provide adequate explanation for discounting her symptoms testimony. Where, as here, an ALJ has determined that a claimant is not malingering and has produced objective medical evidence of an impairment that might produce the symptoms she alleges, the ALJ must offer "specific, clear, and convincing" reasons to reject the claimant's testimony. *Ferguson v. O'Malley*, 95 F.4th 1194, 1197–98 (9th Cir. 2024). Here, the ALJ gave specific, clear, and convincing reasons by identifying specific medical records showing Ingram had normal mood and was engaged, logical, goal-directed, and had organized thought processes. The ALJ also pointed to Ingram's reported daily activities such as completing college-level courses, interning, and earning her bachelor's degree, suggesting that she "retained the cognitive ability to complete, at

least, simple routine tasks." *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

**4. Residual Functional Capacity ("RFC") Assessment**

The ALJ did not err in its RFC assessment and step five analysis. Because Ingram's step five arguments are a "restatement of [her] contention that the ALJ should have credited" other evidence, we reject them. *Kitchen*, 82 F.4th at 742; *accord Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**

*Ingram v. Commissioner of Social Security Administration*, No. 24-7242

DESAI, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's conclusion that the ALJ's evaluation of the lay witness evidence and subjective symptoms testimony is supported by the record. But I respectfully dissent from the majority's conclusion that the agency did not err when evaluating the medical evidence. In my view, the ALJ erred by discounting Campbell's opinion, and its error was not harmless. I would therefore affirm in part, reverse in part, and remand.

Under the Act, Campbell is an "acceptable medical source," *see* 20 C.F.R. § 404.1502(a), and therefore the ALJ must evaluate the opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). Here, the ALJ failed to evaluate the consistency of Campbell's opinion. This "alone constitutes reversible legal error." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (holding that "the ALJ erred by failing to apply the appropriate factors in determining the extent to which the opinion should be credited"). In a separate section of its decision, the ALJ cites dozens of exhibits, including some of Campbell's notes. But this is not enough to satisfy the Act's requirements. An ALJ must "articulate how persuasive it finds all of the medical opinions from each doctor

1

or other source and explain how it considered the supportability and consistency factors in reaching these findings." *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citation modified). Here, the ALJ did not "explain how it considered the . . . consistency factor[]." *See* 20 C.F.R. § 404.1520c(b)(2). Indeed, it never mentioned consistency in its evaluation of Campbell's opinion.[1] It thus erred.

The ALJ further erred by finding that Campbell's opinion is unsupported. First, as the agency concedes, the ALJ erred by stating that Campbell does not have a treating relationship with Ingram. The record includes Campbell's extensive treatment notes written between 2017 and 2021. These notes show Campbell's treatment relationship with Ingram, indicating she treated Ingram every other month, alternating with LICSW Jake Kim. The ALJ's reliance on this erroneous finding as a reason to discount Campbell's opinion is not supported by the record.

Second, the ALJ's conclusion that "there is no evidence that [Campbell] has considered [Ingram's] function in activities of daily living" is unsupported. The record includes Campbell's thorough visit notes documenting how Ingram's mental health symptoms impacted her day-to-day activities. *See* 20 C.F.R.

---

[1] The record shows that in the ALJ's 2021 decision, it expressly considered consistency factors of Campbell's opinion, but failed to address the opinion's supportability. The agency directed the ALJ to address this error on remand, the 2021 decision, and instructing the ALJ to issue a "new decision" on remand. The ALJ's decision before us now only addresses supportability factors of Campbell's opinion—with findings unsupported by the record—and fails to consider consistency factors, as required by 20 C.F.R. § 404.1520c.

2

§ 404.1520a(c)(2) (stating that the agency "will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function"). For example, Campbell's reports note that Ingram had symptoms of anorexia, mood swings, school difficulties, tobacco use, "triggers causing nightmares/flashbacks for past trauma," "automatic negative thoughts" while in school, and that her symptoms impaired her "day to day functioning."

Third, the ALJ discounted Campbell's opinion by noting that the opinion was completed for a different program than the Social Security Administration. However, an ALJ cannot reject an opinion based on the purpose for which it was obtained. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995), *as amended* (Apr. 9, 1996); *see, e.g.*, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1094 (9th Cir. 2014) (considering reports prepared by doctors who examined claimant for workers' compensation purposes).

The ALJ's errors are not harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Under the harmless error standard, we "look at the record as a whole to determine whether the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Campbell's opinion and notes are probative of Ingram's functional limitations, including her ability to "[u]nderstand, remember, or apply information; interact with others; concentrate,

persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). And the limitation discussed by Campbell could affect the ALJ's assessment of Ingram's residual functional capacity. It may be that the findings in Campbell's reports are inconsistent with other evidence, but "we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions." *Treichler*, 775 F.3d at 1103. In other words, because the ALJ improperly discounted relevant evidence, the error is not "inconsequential to the ultimate nondisability determination." *Stout*, 454 F.3d at 1055.

For the above reasons, I would affirm the district court in part, reverse in part, and remand for the agency to evaluate the medical evidence as required by the Act.